UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TIMOTHY SMITH,

    Plaintiff,

v.     **MEMORANDUM OF LAW & ORDER**
    Civil File No. 19-1659 (MJD/LIB)

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.

Blake R. Bauer and Stephen J. Fields, Fields Law Firm, Counsel for Plaintiff.

Terrance J. Wagener and Lauren Hoglund, Messerli & Kramer P.A., Counsel for Defendant.

## I.   INTRODUCTION

This matter is before the Court on Defendant's Motion for Final Judgment. [Docket No. 28]

## II.   BACKGROUND

### A.   Factual Background

The factual background of this case is set forth in detail in the Report and Recommendation [Docket No. 20], which was adopted by this Court [Docket No. 25]. Defendant Unum Life Insurance Company of America ("Unum") is the

1

insurer and claim administrator of Plaintiff Timothy Smith's employee benefits plan, including a group disability insurance policy. Smith became disabled under the terms of the Plan, and Unum granted his claim and paid him disability benefits for two years. Unum terminated his disability benefits on March 30, 2018. Plaintiff appealed Unum's decision to terminate benefits through the claims administrative process, but his appeal was denied on October 23, 2018.

On November 5, 2018, Smith, through his counsel, Blake R. Bauer, sent a demand letter to Unum requesting to settle the case for $120,000. Settlement negotiations ensued between Bauer and Ann Courtney, Assistant Vice President and Legal Counsel for Unum Group, the parent company of Defendant Unum. On January 10, 2019, the parties agreed to settle the case for $50,000. Smith later had second thoughts about accepting the $50,000 settlement offer and attempted to disavow the settlement and settle for a higher amount of money. Unum refused to engage in further negotiations because a settlement agreement had already been reached.

### B.  Procedural History

On June 25, 2019, Smith filed a Complaint against Unum in this Court. [Docket No. 1] The Complaint asserts that Unum's failure to provide benefits under the Plan constitutes a breach of the Plan.

2

On November 12, 2019, Unum filed a Motion to Enforce Settlement Agreement. On March 11, 2020, the Court adopted the Report and Recommendation of Magistrate Judge Brisbois [Docket No. 20] and granted Defendant's Motion to Enforce Settlement Agreement. [Docket No. 25]

Plaintiff continues to be represented by counsel. However, in June and August 2020, he sent two pro se letters to the Court stating that he did not want to settle his case and that he wanted to go to trial. [Docket Nos. 26-27]

On July 6, 2020, Unum provided a settlement check payable to Plaintiff for $50,000. ([Docket No. 31] Wagener Decl. ¶ 2.) Unum's counsel mailed the check to Bauer. (Id. ¶ 3.) Bauer received the check on July 13. ([Docket No. 40] Bauer Decl. ¶ 2.) On September 18, Bauer sent Unum's settlement check back to Unum by U.S. mail. (Id. ¶ 3.)

On September 30, 2020, Unum filed the current Motion for Final Judgment. Plaintiff continues to be represented by counsel, who filed an opposition brief to the current motion.

III.   DISCUSSION

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

On March 11, 2020, the Court ordered that the parties' settlement be enforced. [Docket No. 25] Under the terms of the settlement, Plaintiff agreed to release all of his claims for long-term disability benefits against Defendant in exchange for $50,000. (See Report & Recommendation at 13). Unum delivered the $50,000 check to Plaintiff's counsel, complying with its obligation under the settlement agreement. The Court has already ruled that the settlement agreement is a binding contract, and Unum has complied with its terms. Plaintiff's refusal to accept or cash the check does not change this fact. See Rogalla v. Rubbelke, 112 N.W.2d 581, 581-84 (Minn. 1961) (affirming district court's dismissal and entry of judgment because a valid settlement had been established, even though Plaintiff refused to cash the settlement check).

Plaintiff admits that the Court held that there was an enforceable settlement and does not dispute that Unum has fulfilled the terms of that settlement agreement, but he continues to argue that he did not agree to settle the case. He asks that the Court reconsider its previous decision and not enforce the settlement.

The Court will not alter its order enforcing the settlement. Plaintiff offers no basis for the Court to amend its order. He repeats the same arguments he

originally made in opposing the motion to enforce the settlement and has not identified any compelling circumstances, such as fraud, mistake, or changed conditions, to justify reconsideration.  <u>See, e.g.</u>, <u>Broadway v. Norris</u>, 193 F.3d 987, 990 (8th Cir. 1999).

The Court grants Defendant's request and enters judgment.  There are no remaining issues for the Court to decide.  Plaintiff offers no argument in opposition to the entry of judgment other than to assert that the Court's March 2020 Order was incorrect.  The Court ruled that the settlement agreement was enforceable.  Defendant has fulfilled its obligation under the settlement agreement by sending Plaintiff's counsel a check for $50,000.  In exchange, Plaintiff's claims against Defendant must be dismissed.

Plaintiff strongly disagrees with the Court's decision.  Entering judgment permits Plaintiff to appeal that decision to the Eighth Circuit.  There are no further issues for this Court to decide, and entering judgment at this time is in the best interests of both parties.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's Motion for Final Judgment [Docket No. 28] is **GRANTED**, and this action is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   December 7, 2020          s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court